Laura B. **GOODMAN**

v.

Sidney L. **NEFF** et al.

v.

**DIOTRON, INC.**, et al.

Civ. A. No. 34574.

United States District Court
E. D. Pennsylvania.

March 8, 1966.

5. Honsey v. Donovan, 236 F.Supp. 8, 22.

**560**

See also D.C., 251 F.Supp. 562.

Polis & Polis, Philadelphia, Pa., for plaintiff.

Bruce B. Wilson, Philadelphia, Pa., for Laird, Bissell & Meeds.

Martin A. Forman, Philadelphia, Pa., for Sidney L. Neff.

JOHN W. LORD, Jr., District Judge.

Three motions are presently before this Court for disposition in this Civil Action No. 34574. 251 F.Supp. 562. For convenience these motions have been given numbers, one through three. The instant motion is the first thereof.

All these motions arise in this class action wherein the plaintiffs seek rescission of certain purchases of the common stock of Diotron, Inc.

For the purposes of the present motion (Document 35, filed October 29, 1965) defendant Laird, Bissell & Meeds, and defendant Sidney L. Neff (trading as Royer Securities Company) are joined. Hereafter, in this and the two other orders in this series, defendant Laird, Bissell & Meeds will be called Laird, and defendant (also third-party plaintiff) Sidney L. Neff (trading as Royer Securities Company) will be designated Neff.

Laird and Neff have moved for summary judgment as to Count I of plaintiffs' complaint. The second count, arising under Section 17 of the Securities Act, is not involved in the present motion. The ground of the present motion is that the first Count of plaintiffs' complaint, which charges violation of Section 12(2) of the Securities Act of 1933, is barred and the rights sought to be asserted in the claims contained therein are extinguished by the Statute of Limitations contained in Section 13 of that Act, 48 Stat. 84, as amended, 15 U.S.C.A. § 77m. Section 13, in pertinent part, reads as follows:

"Sec. 13. No action shall be maintained to enforce any liability created under section 11 or section 12(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence * * *."

It is defendants' position that there is no genuine issue as to any material fact relating to this defense and that defend-

ants are entitled to judgment as a matter of law as to the first count of plaintiffs' complaint.

The responding brief of plaintiffs commences its statement of facts as follows:

"This class suit was instituted November 21, 1963 (Non-Jury) by twelve stockholders of a bankrupt corporation against the two defendant stock underwriters who were charged with making a number of misrepresentations in connection with their stock offering and which are detailed in some thirty-four paragraphs in the amended Complaint. The specific averments in that Complaint were based on and could only be made because of testimony recited at a series of hearings held by the S.E.C. which were only finally concluded shortly before the Complaint was filed."

One of the defendants filed requests for admissions some 18 months thereafter which are the subject of the third motion in this series. Those requests sought admissions by plaintiffs of receipt of a certain letter from a Stockholders Committee dated September 21, 1962. It would be beyond the scope of the present memorandum and order to rule as to whether plaintiffs are deemed to have admitted receipt of that Stockholders Committee letter. Purely for the sake of the present argument, however, it will be assumed that plaintiffs did indeed receive the letter in question.

■ Defendants say that the letter amounted to notice of the irregularities in the Diotron stock offering of which plaintiffs presently complain, and that the delay between receipt of that September 21st, 1962 letter and inception of the present action was such as to exceed the statutory limitation of Section 13 heretofore quoted.

Plaintiffs, however, point out that the Stockholders Committee letter simply contained general allegations. Defendants vigorously contested those very contentions at the series of hearings before the S.E.C., and indeed the S.E.C. hearings did not commence until January 7, 1963. To show that they did not sleep on their rights, plaintiffs point to the following excerpts from paragraphs Nos. 25 and 26 of their amended complaint:

"25. (a) Plaintiff and the Intervenors did not discover that the representations were untrue and misleading until sometime after January 7, 1963 when evidence of the untruths contained in and the omissions from said Prospectus was presented at hearings conducted by the Securities and Exchange Commission in connection with its investigation of the said offering of stock of DIOTRON, INC., and the practices of the Defendants in connection therewith;

(b) the said hearings commenced on January 7, 1963 and were concluded sometime thereafter;

\*     \*     \*     \*     \*     \*

"26. One year has not elapsed since the discovery of the untruths contained in and the omissions made from said Prospectus, or since the discovery thereof could have been made by the Plaintiff and the Intervenors by the exercise of reasonable diligence in that the evidence of the said untruths and omissions was not available to them prior to its presentation at the hearings conducted by the Securities and Exchange Commission."

■ For the purposes of this motion, plaintiffs' position seems inescapably correct. Quite apart from what may be proved at trial, this is certainly not the clear situation to which the drastic device of summary judgment is applicable. There is a substantial question of fact as to whether plaintiffs had discovered the untrue statement or omission in the prospectus one year before filing suit on November 21, 1963 or whether, on the circumstances above recited, such facts should have been discovered in the exercise of reasonable diligence.

Now, therefore, this 8th day of March, A.D. 1966, it is ordered that the Motions for Summary Judgment of defendants, Laird, Bissell & Meeds and Sidney L. Neff, be and the same are hereby denied.